WESTINGHOUSE ELECTRIC & MFG. CO. v. BINGHAMTON RY. CO.

In re PHELPS et al.

(Circuit Court of Appeals, Second Circuit. April 29, 1919.)

No. 238.

JUDGMENT ☞713(1)—PERSONS CONCLUDED—ORDER INSTRUCTING RECEIVER.

Findings of fact and law, stated in an order of a federal court directing its receiver for an electric railway company, operating under franchises from different municipalities, to apply to the state Public Service Commission for an increase of rates of fare, *held* not an adjudication binding upon the municipalities.

Appeal from the District Court of the United States for the Northern District of New York.

Suit in equity by the Westinghouse Electric & Manufacturing Company against the Binghamton Railway Company. The City of Binghamton and Town of Union appeal from an order made on application of William G. Phelps, receiver. Appeal dismissed.

For opinion below, see 255 Fed. 378.

John Marcy, Jr., Corp. Counsel, and Neil G. Harrison, Asst. Corp. Counsel, both of Binghamton, N. Y., for appellant city of Binghamton.

Edwin H. Moody, of Binghamton, N. Y. (Douglas V. Ashley, of Binghamton, N. Y., of counsel), for appellant town of Union.

Curtiss, Keenan & Tuthill, of Binghamton, N. Y. (Abram J. Rose, of New York City, of counsel), for receiver.

Before WARD, HOUGH, and MANTON, Circuit Judges.

WARD, Circuit Judge. The receiver of the Binghamton Railway Company applied to the District Court for the Northern District of New York, which appointed him, for an order authorizing him to apply to the Public Service Commission of the state of New York, Second District, for an increase of rates of fare from 5 cents to 7 cents per passenger and an order holding that the consents of the city of Binghamton, village of Port Dickinson, Johnson City, Endicott, Union, and town of Union were not necessary to the validity of such an increase, and that they show cause why the prayer of the petition should not be granted.

The municipalities appeared specially on the return day to object to the jurisdiction of the court, on the ground that the question of

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

raising rates must be submitted to and determined by the Public Service Commission primarily, and that the railway company was under contract with the municipalities to carry at 5 cents per passenger, which contract rate could not be changed by any one without their consent, in accordance with the decision of the Court of Appeals in the Quinby Case, 223 N. Y. 244, 119 N. E. 433. The District Judge overruled these objections and granted the order to show cause, whereupon the municipalities thereafter took part in the proceedings before him. This was, under the circumstances, no waiver of their objections to the jurisdiction.

In considering the prayer of the petition, the District Judge would naturally need to satisfy himself: First, that an increase in rates was proper and necessary; second, that the relations between the railway company and the municipalities were such that the Public Service Commission, if applied to, would have jurisdiction consistently with the decision of the Court of Appeals of the state of New York in the Quinby Case, supra.

January 22, 1919, after a hearing, the District Judge entered an order, from which the city of Binghamton and the town of Union take this appeal.

The order departs from the requirements of equity rule 71 (198 Fed. xxxviii, 115 C. C. A. xxxviii), in that it begins by the recital of all the procedural steps taken in the proceeding, follows this with a statement of the evidence and a finding of fact thereon as to the cost of carrying passengers, followed by a conclusion of fact that the rate ought to be increased, followed by a conclusion of law that the company's franchises, properly construed, do not constitute a contract fixing the rates of fare.

We think the Public Service Commission, if applied to by the receiver, would have jurisdiction to decide independently these findings of fact and law set forth in the order, and that they can only be regarded as enabling the court to intelligently instruct its receiver in respect to an application to be made to the Public Service Commission. The order in these respects does not constitute res adjudicata as to the municipalities at all.

The only part of the order which we think material on this appeal is article 8, which reads:

"Eighth. That in view of the facts and existing conditions, which are liable to continue, and so far as human foresight can determine will continue for at least two years without substantial change, the receiver, William G. Phelps, is therefore hereby ordered and directed to apply to the Public Service Commission, Second District, of the state of New York, for an order authorizing an increase in the rate of fare to be charged by the Binghamton Railway Company from five cents to six cents, to be in operation during the continuance of the war and for two years thereafter, and to incur the necessary expense of such application."

This being purely discretionary, the appeal is dismissed, with costs.